

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

FILED
IN CLERKS OFFICE
2005 OCT 26  P 3: 57
U.S. DISTRICT COURT
DISTRICT OF MASS.

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

August 12, 2005

Mark W. Pearlstein, Esq.
McDermott Will & Emery
28 State Street
Boston, MA 02109-1775

05-CR-10211-MLW

Re: United States v. Nagime
    05-MJ-00854-MBB

Dear Mr. Pearlstein:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Gilberto Lopes Nagime ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. Change of Plea

At the earliest practicable date, Defendant shall plead guilty to all counts in which he is named in the above-captioned Information: United States v. Nagime. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in counts 1 through 3 of the Information, and is in fact guilty of those offenses.

2. Penalties

Defendant faces the following maximum penalties on each count:

- 15 years in prison, a $250,000 fine, 3 years supervised release, and a $100 special assessment.
- Forfeiture, to the extent charged in the Information.

Defendant also agrees that he is deportable and/or excludable by the United States Immigration and Customs

Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

   3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The U.S. Attorney will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

- Defendant's base offense level is eleven, pursuant to U.S.S.G. § 2L2.1(a)(1);

- A three-level enhancement is applicable, pursuant to U.S.S.G. § 2L2.1(b)(2)(A);

- Defendant's total offense level, prior to any acceptance of responsibility adjustment, is fourteen.

Defendant reserves his right to present alternative calculations at sentencing with respect to the application of the United States Sentencing Guidelines.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under § 4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Defendant expressly reserves the right to seek a downward departure pursuant to U.S.S.G. §5K Subpart 2. The U.S. Attorney reserves the right to oppose Defendant's departure argument(s).

Based on Defendant's prompt acceptance of personal

2

responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to

declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

A. A term of incarceration at the low end of the applicable guidelines sentencing range, as determined by the court at the time of sentencing, to include probation if the range falls within Zone A or B, with a home confinement condition if in Zone B, or a split sentence if it falls within Zone C;

B. A fine at the low-end of the applicable guideline sentencing range, as determined by the court at the time of sentencing;

C. Forfeiture, as set forth in paragraph 8;

D. A $300 mandatory special assessment;

E. A 3-year period of supervised release.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that

4

his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(2) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

7.  **Court Not Bound By Agreement**

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8.  **Forfeiture**

Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases his claims to the following items, seized by, or turned over to, the Bureau of Immigration and Customs Enforcement (ICE) on or about June 30, 2005, in relation to Counts 1-3 of the information:

- Computer, false documents, and $11,000 cash seized from Defendant's bedroom at 210 Commercial Street, Weymouth, MA.

Defendant admits that these assets are subject to forfeiture pursuant to 18 U.S.C. § 1028(h), on the grounds that they constitute document-making implements used to commit the crime charged in Count 1 of the Information. Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

9. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

11. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the

parties or on the record in court.

    If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney S. Waqar Hasib.

                               Very truly yours,

                               MICHAEL J. SULLIVAN
                               United States Attorney

By: _____
     LAURA J. KAPLAN, Chief
     Violent & Organized Crime
     Section

     _____
     S. WAQAR HASIB
     Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety, or have had it read to me in my native language, and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*[signature: Gilberto Lopes Nagime]*
GILBERTO LOPES NAGIME
Defendant

Date: 8-22-05

*[handwritten: Gilberto Lopes Nagime]*
I certify that Defendant's Name has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*[signature]*
MARK W. PEARLSTEIN, ESQ.
Attorney for Defendant

Date: 8-22-05

9

**PLEA AGREEMENT REGARDING**
**STIPULATED JUDICIAL ORDER OF DEPORTATION**

Defendant agrees he is not a citizen or national of the United States, and that he is a native and citizen of Brazil.

Defendant agrees that when he is convicted in the instant criminal proceeding, he will be convicted in this court for the offense of transferring false identification documents , in violation of 18 U.S.C. § 1028(a)(2).

Defendant understands and knowingly waives his right to a hearing before an Immigration Judge or before any other authority under the Immigration and Nationality Act, on the question of his deportability or removability from the United States.  In this regard defendant understands and knowingly waives his rights to examine the evidence against him, to present evidence on his own behalf, to cross-examine any witnesses presented by the government, in any administrative removal proceeding and to appeal from a determination of deportability or removability.

Defendant understands and knowingly waives his right to apply for any relief from deportability or removability from the United States that would otherwise be available to him. Defendant understands that if he is an alien lawfully admitted for permanent residence, acceptance of a final order of deportation or removal from the United States terminates that status.

Defendant understands that execution of an order of removal against him will have the legal consequence under the immigration laws of permanently barring him from re-entering the United States.

Defendant agrees and stipulates to accept a final judicial order of deportation or removal knowing that it will result in his amenability to immediate deportation or removal from the United States upon conviction and completion of any period of incarceration.  Defendant agrees that the order of deportation or removal be issued for his deportation to Brazil, or to any other country as prescribed by the immigration laws and regulations of the United States of America.  The government agrees to effectuate prompt deportation of Defendant upon completion of the incarceration component of his sentence.

Defendant knowingly waives any and all rights to appeal, or to move to reopen or reconsider, or to seek to vacate, or to otherwise seek any judicial or administrative review of, the order of deportation or removal or the right of the United States Bureau of Immigration and Customs Enforcement ("ICE") to enforce

such order. Defendant waives any right to and agrees he will not seek any judicial or administrative stay of execution of the order of removal or deportation. Defendant waives any right to seek release from ICE custody when ICE assumes such custody after conviction and his release from any period of incarceration and preparatory to arrangements for his deportation or removal from the United States. Defendant agrees he will in all ways cooperate with ICE officials in the surrendering of or applying for any travel documents, or in other formalities relating to his deportation or removal from the United States and preparations therefore.

_____          MICHAEL J. SULLIVAN
MARK W. PEARLSTEIN                 United States Attorney
Attorney for Defendant
                            By:    _____
                                   LAURA J. KAPLAN
                                   Chief
                                   Violent & Organized Crime Section

_____          _____
GILBERTO LOPES NAGIME              S. WAQAR HASIB
Defendant                          Assistant U.S. Attorney

2