UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GILBERTO LOPES NAGIME | Criminal No. 05-10211 MLW |

### DEFENDANT'S SENTENCING MEMORANDUM

The defendant, Gilberto Lopes Nagime ("Nagime"), hereby submits this sentencing memorandum.

Nagime has been incarcerated, primarily at MCI-Cedar Junction, since being arrested pursuant to a criminal complaint on June 30, 2005. He promptly accepted responsibility for his wrongdoing, and agreed to waive indictment and plead guilty to an information charging him with three counts of Transfer of False Identification Documents in violation of 18 U.S.C. § 1028(a)(2), and to consent to immediate deportation back to his native Brazil.

Given the nature of the offense, and Nagime's lack of a prior criminal history, it is undisputed that his Guideline Sentencing Range is 10-16 months, placing him in Zone C, which authorizes a split sentence. A sentence including 5 months imprisonment would satisfy the split sentence requirements and fully vindicate the government's interest in punishment and deterrence. See Plea Agreement at ¶4 (recommending a term of incarceration at the low end of the Guideline Sentencing Range, with a split sentence if that range falls within Zone C). Inasmuch as Nagime has already served nearly seven months in pretrial detention, a sentence of time served followed by immediate deportation would essentially comport with

the Sentencing Guidelines, fully vindicate the government's interests in prosecuting the case, and represent a fair and just sentence. See 18 U.S.C. § 3553(a).

I.  **BACKGROUND**

Nagime is forty-one years old and was born and raised in rural Brazil. He is the son of a cow milker and his wife. Nagime has three children, all of whom reside in Brazil. Among Nagime's three children are his three-month old baby boy, who Nagime has never met, and who was born with a respiratory condition that requires surgery. Nagime's family is awaiting Nagime's return to Brazil so that he can begin working and make enough money to pay for the cost of his son's surgery.

Nagime has no criminal history. During his time in the United States, he has earned a living by working in several restaurants in Massachusetts, first as a dishwasher, then as a busboy, and finally, as a cook.

On June 30, 2005, Nagime was arrested in Weymouth, Massachusetts. He was arrested following an undercover investigation in which fraudulent "green cards" and social security cards were sold by Nagime and another to government operatives. Nagime was subsequently charged with and pled guilty to three counts of Transfer of False Identification Documents in violation of 18 U.S.C. § 1028(1)(2). Nagime has been in federal custody since the date of his arrest. He was briefly incarcerated at the Essex County House of Correction in Middleton, Massachusetts, but he has been held since July 29, 2005 at MCI-Cedar Junction. Nagime's sentencing hearing is scheduled for January 24, 2006. As of that date, he will have served almost seven months in custody.

## II. DISCUSSION

### A. The Factors Seth Forth in 18 U.S.C. § 3553(a) Support a Sentence of Time-Served Followed By Prompt Deportation.

The factors set forth in 18 U.S.C. § 3553(a) support sentencing Nagime to the time he has served as of sentencing, or approximately seven months, plus immediate deportation to his native Brazil. That section provides, in relevant part, as follows:

§ 3553(a). Imposition of a sentence

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
  (1) the nature and circumstances of the offense, and the history and characteristics of the defendant;
  (2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant set forth in the guidelines . . . .;
  (5) any pertinent policy statement –
    (A) issued by the Sentencing Commission . . . .;
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

A discussion of each of the foregoing factors follows.

1. **3553(a)(1): Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

The history and characteristics of Nagime and the nature and circumstances of his offense do not justify a sentence in excess of the seven months of imprisonment that Nagime has served, followed by his deportation to Brazil.

Nagime is forty-one years old, and a citizen of Brazil. He was born and raised in the rural town of Resplendor, Brazil, and was the son of a cow milker and a housewife. Both of Nagime's parents are now deceased. Nagime is one of seven siblings. His education ended after the fourth grade. Nagime is fluent in Portuguese, and can understand a limited amount of spoken English.

Nagime has three children ages ten and under. He has one daughter with his former wife (they were divorced in or around 1993), as well as a daughter and a son with his current girlfriend. Nagime's children all reside in Brazil. Nagime's son is three months old and, as discussed above, he was born with a respiratory condition that requires surgery. Nagime's family is currently unable to pay for such surgery, and they are awaiting Nagime's return to Brazil so that he can obtain employment and earn enough money to pay for the surgery. Up until his arrest, Nagime communicated with his two older children frequently (he has never seen his baby son, who was born during Nagime's time in custody). In addition, up until his arrest, Nagime was sending approximately $100 per month to his former wife to help with the expenses of raising their daughter.

Subsequent to his divorce, Nagime traveled to the United States. Since arriving in the United States and up until several months before his arrest, Nagime supported himself by

working primarily in the food services industry in various capacities, including as a dishwasher, a busboy and, most recently, a cook.

On June 30, 2005, Nagime was arrested for participating in three separate transactions involving the sale of seven false green cards and seven false social security cards. Nagime has no previous criminal convictions, and his only prior arrest was for operating with a suspended license in 1996, a charge that was subsequently dismissed. While Nagime accepts full responsibility for his involvement in the offenses, his criminal conduct was an aberration in an otherwise law-abiding life. Nagime desires to return to his native Brazil immediately upon completion of his sentence, and has consented to deportation. Upon returning to Brazil, he intends to find work there so that he can support his family and pay for his son's respiratory surgery.

2. 3553(a)(2): The Need for the Sentence Imposed:

a) **(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

A sentence of time-served in this case would result in two months of actual incarceration beyond what was recommended by the government. The total period of seven months of actual imprisonment requested by Nagime is wholly consistent with the period of imprisonment set forth in the Sentencing Guidelines which, in this case, allow for a split sentence with between five and eight months of actual imprisonment. Moreover, Nagime will have served the majority of his seven months of incarceration at MCI-Cedar Junction in Walpole, which is a significantly more difficult environment than any institution in which Nagime likely would have been placed if he served his time after sentencing. Finally, it is not practicable to place Nagime, an illegal alien, under house

arrest or in community confinement for the remaining three months of the split sentence recommended by the government, and keeping him in prison for that amount of time – at taxpayer expense – would serve little purpose beyond merely warehousing a potentially productive man for a much longer period than the government has recommended. Rather, a sentence of time-served, plus an order of immediate deportation, would reflect the seriousness of Nagime's offense, promote respect for the law, and provide just punishment for Nagime.

### b) **(B) to afford adequate deterrence to criminal conduct**

The seven months of imprisonment that Nagime will have served is a substantial deterrent to future criminal conduct. This is a longer period of imprisonment than that recommended by the government – if five months imprisonment would have satisfied the government's deterrent interest, seven months surely does so. Moreover, the time has been served in a more difficult prison environment that Nagime likely would have faced had he served the sentence recommended by the government beginning at the date of sentencing.

### c) **(C) to protect the public from further crimes of the defendant**

Nagime's seven months in prison protected the public from the commission of any further crimes by him, and his deportation will further safeguard this interest.

### d) **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

This factor is not applicable, as Nagime will be deported to Brazil.

3.  **3553(a)(3) and (4): The Kind of Sentences Available and The Applicable Guideline Range**

Violations of 18 U.S.C. § 1028(a)(2) are punishable by a fine and/or imprisonment, as well as forfeiture of any property used in commission of the offense. 18 U.S.C. § 1028(b).[1] As is fully set forth in the Presentence Report, the Guideline calculation in this case results in a total offense level of 12, and Nagime falls into Criminal History Category I. Nagime does not dispute the Guideline calculation contained in the Presentence Report. Although the Sentencing Guidelines are no longer mandatory, they must be taken into account and consulted by District Courts in sentencing defendants. See United States v. Booker, 543 U.S. 220 (2005). As discussed above, the Guidelines Sentencing Range is between ten and sixteen months, but because this range falls into Zone C, the Court may impose a split sentence. The government has recommended a sentence at the low end of the Guideline Range, ten months, with five months of actual imprisonment. Nagime has already served seven months in prison; the only deviation from a Guideline Sentence requested here would be for the Court to refrain from imposing any period of home detention or community confinement. This is a *de minimis* deviation, necessitated by Nagime's immediate deportation.

4.  **3553(a)(5) – Pertinent Policy Statements**

There are no policy statements that would affect the analysis in this matter.

---

[1] 18 U.S.C. § 1028(b) provides, in relevant part, as follows:
 (b) The punishment for an offense under subsection (a) of this section is –
  (1) . . . a fine under this title or imprisonment for not more than 15 years, or both, if the offense is –
   (a) the production or transfer of an identification document, authentication feature, or false identification document that is or appears to be –
    (i) an identification document or authentication feature issued by or under the authority of the United States; or
    (ii) a birth certificate, or a driver's license or personal identification card; . . .
  (5) in the case of any offense under subsection (a), forfeiture to the United States of any personal property used or intended to be used to commit the offense; . . .

5. **3553(a)(6) – The Need For Avoidance of Unwarranted Sentence Disparities**

A sentence of time-served would not result in unwarranted sentence disparities. At approximately seven months of incarceration, the requested sentence falls well within the Guideline Sentencing Range for actual imprisonment. In these circumstances, and where the requested sentence consists of two more months of actual imprisonment than that recommended by the government, there can be no argument that Nagime is receiving a more lenient sentence than other defendants with similar records (here, Nagime has no criminal history) who have been convicted of similar conduct.[2]

6. **3553(a)(7) – The Need to Provide Restitution to Any Victims of the Offense**

This factor is inapplicable, because restitution is inappropriate in this case. As the Presentence report correctly notes, there is no identifiable victim of the offenses to which Mr. Nagime pled guilty, and restitution is not an issue. See Presentence Report at 4, 18.

B. **Mr. Nagime's Consent to Deportation Further Supports the Requested Sentence.**

Nagime's consent to deportation is a further basis for imposing the requested sentence. His consent to deportation will relieve the government of the administrative burden of prosecuting deportation proceedings, as well as the expense of detaining him pending the completion of such proceedings. His consent plainly confers a benefit upon the government by streamlining the removal process.

---

[2] Nagime was arrested with another individual, Manuel Rosa ("Rosa"), against whom criminal charges are pending (Crim. No. 05-10291-EFH). Rosa does not provide a basis for comparison with respect to sentencing, as Nagime understands that Rosa has been indicted and is in custody awaiting trial

## III. CONCLUSION

For the foregoing reasons, defendant Gilberto Lopes Nagime respectfully requests that this Court sentence him to time-served, and further Order that he be immediately deported to Brazil.

GILBERTO LOPES NAGIME,

By his Attorneys,

/s/ Mark W. Pearlstein
Mark W. Pearlstein (BBO#542064)
McDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
(617) 535-4000

Dated: January 10, 2006

BST99 1486081-1 009962 0194