```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>            Plaintiff,    )<br>                             )<br>      v.                     )   CRIMINAL NO. 05-10211-MLW<br>                             )<br>GILBERTO LOPES NAGIME        )<br>            Defendant.       ) | |

### PRELIMINARY ORDER OF FORFEITURE

**WOLF, CHIEF D.J.,**

WHEREAS, on or about August 22, 2005, a three-count information was issued, charging defendant Gilberto Lopes Nagime, (the "Defendant"), with Transfer of False Identification Documents, in violation fo 18 U.S.C. §1028(a)(2) (Count One); Transfer of False Identification Documents, in violation of 18 U.S.C. §1028(a)(2) (Count Two) and Transfer of False Identification Documents, in violation of 18 U.S.C. §1028(a)(2)(Count Three);

AND WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. §1028(h) and 18 U.S.C. §982(a)(2)(B), seeking the forfeiture, as a result of committing the offenses alleged in Count One through Three of the Information of all illicit authentication features, identification documents, document-making implements, means of identification, and any property constituting or derived from, proceeds obtained directly or indirectly from sales of identification documents, including, but not limited to:

> A computer, false documents, and $11,000 cash seized from the Defendant's bedroom at 210 Commercial Street,

Weymouth, MA;

AND WHEREAS, on or about October 28, 2005, pursuant to a written plea agreement, the Defendant pled guilty to Counts One through Three of the Information and agreed that the Defendant would specifically forfeit a computer, false documents, and $11,000 cash seized from the Defendant's bedroom at 210 Commercial Street, Weymouth, MA.;

AND WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 18 U.S.C. §982(a)(2)(B and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture for the computer, false documents, and $11,000 cash seized from the Defendant's bedroom at 210 Commercial Street, Weymouth, MA,

ACCORDINGLY, it is hereby ORDERED, ADJUDGED and DECREED:

1. Based on the Defendant's guilty plea, the United States' Motion for Entry of a Preliminary Order of Forfeiture for the computer, false documents, and $11,000 cash seized from the Defendant's bedroom at 210 Commercial Street, Weymouth, MA is hereby allowed.

2. Pursuant to 21 U.S.C. §853 and FRCP 32.2, the United States shall publish at least once for three successive weeks in the newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the above-listed assets pistol in such manner as the Attorney General may direct.

3. Pursuant to 21 U.S.C. §853, the Government may also, to the extent practicable, provide written notice to any person known to have alleged an interest in the above-listed assets that are the subject of this Preliminary Order of Forfeiture.

4. Pursuant to 21 U.S.C. §853, the notice referred to above shall state (a) any person, other than the Defendant, asserting a legal interest in the above-listed assets may, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the above-listed assets; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the above-listed assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest, any additional facts supporting the petitioner's claim, and the relief sought.

5. Pursuant to 21 U.S.C. §853, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the above-listed assets and this Court will enter a Final Order of Forfeiture pursuant to Rule 32.2(c) of the Federal Rules of Criminal Procedure.

6.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, or at any time before sentencing if the Defendants consent, and must be made a part of the sentence and included in the judgment.

7.   This Court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

/s/ Charles F. Wary
Mark L. Wolf
United States Chief District Judge

Date: Jan. 24, 2006